ORIGINAL

FILED
U.S. DISTRICT COURT

2005 SEP 26 PM 3: 39

CLERK
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
DUBLIN DIVISION

BARBARA ANN KNIGHT,

    Plaintiff,

v.      CV 304-058

JO ANNE B. BARNHART, Commissioner
of Social Security,

    Defendant.

# O R D E R

After a careful, de novo review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation to which objections have been filed. The Report and Recommendation affirms the decision of the Administrative Law Judge ("ALJ") that Plaintiff is not disabled but retains the residual functional capacity to perform light exertional work with certain limitations. In her objections, Plaintiff continues to maintain that the ALJ improperly discounted the opinion of her treating orthopedist, Dr. Derrick Phillips. I will comment further on this objection.

The record contains two opinions from Dr. Phillips.[1] The

---

[1] Plaintiff also relies upon an unsigned, undated "check-the-box" form, which indicates certain restrictions to the use of Plaintiff's right hand. (R. at 301.) Plaintiff testified that the form was given to her by Dr. Phillips in

first opinion letter of August 10, 2001, was written only one month after Plaintiff had undergone surgery to repair a rotator cuff tear in her right shoulder and while she was still undergoing rehabilitation. (R. at 221.) Dr. Phillips opines that the rehabilitation is proceeding "reasonably well at this point but the odds are not very good for recovery." (Id.) Dr. Phillips goes on to announce that it would take four to six months before Plaintiff has recovered from the surgery. (Id.) The second opinion letter is dated June 14, 2002, showing a significant gap of time between visits, as noted with Dr. Phillips' statement that Plaintiff "has been lost to follow-up for a period of time." (R. at 537.) Nevertheless, based upon her complaints, Dr. Phillips opines that Plaintiff is "disabled in my opinion **at this time** and has developed a chronic situation that has failed to improve with appropriate conservative steps." (Id. (emphasis added).)

In discussing these two letters, the ALJ notes that neither letter provides "a formal medical opinion concerning the claimant's ability to perform the physical requirements of sustained work activity." (R. at 18.) Indeed, the first

---

August or September of 2002. (R. at 577.) While the form indicates that Plaintiff is limited to less than a full range of light work, the ALJ did not consider the form because of its "mysterious origin." (R. at 18.) I find that the form is not inconsistent with the residual functional capacity of light exertional work with limitations found by the ALJ. Thus, the form has little probative value in this appeal.

letter of August 2001 is written at a point in time when Plaintiff had not fully recovered from surgery. The second letter of June 14, 2002, is temporally limited and does not offer an opinion as to Plaintiff's functional capacity on a long-term basis. Also in regard to the June 14, 2002 letter, the ALJ points out the significant gap in Plaintiff's treatment during which she did not follow up with Dr. Phillips (R. at 16) and thus, there is a lack of supporting medical documentation. Finally, the ALJ recounts the progression in Plaintiff's shoulder mobility as demonstrated by her own testimony. (R. at 16 & 18.) In reviewing the ALJ's decision, the Magistrate Judge concluded that the ALJ had properly discounted Dr. Phillips' opinion letters and had stated the reasons therefore.

In her objections, Plaintiff contends that the ALJ cannot reject the opinion of a treating physician without contradictory *medical* documentation. Plaintiff cites an unpublished opinion of this district for the proposition that "without medical opinions contrary to that of the treating physician, the ALJ cannot reject the opinion of the treating physician." (Pl.'s Obj. at 2 (citing Jones v. Apfel, Civil Action No. 499-220 (S.D. Ga, Oct. 25, 2000)).)

In Jones, the ALJ had discounted the treating physician's opinion merely because the ALJ had reached a different

conclusion than that of the physician upon reviewing the medical evidence. The district court explained that the ALJ cannot simply substitute his or her own hunch or intuition for the diagnosis of a medical professional. Upon concluding that there was "not substantial evidence in the record to justify the ALJ's decision to reject the treating physician's opinion regarding Plaintiff's ability to work," the district court remanded the case to the ALJ.

Plaintiff in this case reads <u>Jones</u> too narrowly by insisting that a contrary *medical opinion* must exist before rejecting a treating physician's opinion. This is not the law of the Circuit nor was it the holding in <u>Jones</u>. In this Circuit, a treating physician's opinion may be discounted if it is unsupported by objective medical evidence or is merely conclusory. <u>Lewis v. Callahan</u>, 125 F.3d 1436 (11th Cir. 1997); <u>Edwards v. Sullivan</u>, 937 F.2d 580 (11th Cir. 1991). In the instant case, the ALJ pointed out that Dr. Phillips' opinion was not supported by objective medical evidence, particularly with respect to the June 14, 2002 letter. Indeed, not only were both letters merely conclusory, they were of little value given that they did not relate his opinion as to Plaintiff's functional capacity on a long-term basis. Importantly, Dr. Phillips' opinion was also contradicted by substantial evidence in the record, namely the testimony of Plaintiff

4

herself. Accordingly, I conclude that Dr. Phillips' opinion letters were properly discounted and that such holding is in accordance with Jones.

Upon the foregoing, the Report and Recommendation of the Magistrate Judge is **ADOPTED** as the opinion of the Court. Plaintiff's objections thereto are **DENIED**. Therefore, the Commissioner's final decision is **AFFIRMED**, this civil action is **CLOSED**, and a **FINAL JUDGMENT** is entered in favor of the Commissioner.

**ORDER ENTERED** at Augusta, Georgia, this 26th day of September, 2005.

_____
UNITED STATES DISTRICT JUDGE